Benjamin Billig
vs.
Charles Genter

Eq. No. 10238.

May 19, 1931.

BLODGETT, P. J. Heard upon bill, answer and proof.

Complainant alleges he was the owner of three $1000 bonds described in said bill; that January 15, 1929, respondent was permitted to have the custody of same; that respondent pledged the same with the Providence National Bank as security for a loan without his (complainant's) consent.

Respondent's answer is in effect that the bonds were given to him unconditionally.

The record shows that by a consent decree in said cause the bonds were subsequently sold by the bank and the proceeds thereof, after payment of the loan for which said bonds were pledged, amounting to $1,128.30, and three coupons of the value of $25 each, were deposited in the registry of this Court.

Up to the time of this transaction the families of complainant and respondent were on friendly terms, complainant living in Brooklyn, New York, and respondent in Providence, and the families visited with each other. Re-

spondent had opened a dental office in Providence and was in need of money. Respondent was on very friendly terms with the daughter of complainant and also with complainant. It is alleged that the respondent and the daughter of complainant were, at the period the bonds were put in custody of respondent, engaged to be married and that this engagement was evidenced by the interchange of college society emblems.

Complainant testifies that he turned these bonds over to respondent so that respondent could use them to secure a loan to pay off an indebtedness incurred in his furnishing of a dental office, and that he did this by reason of the relations between respondent and his daughter and in the expectancy that his daughter and respondent would be married.

A letter from complainant to respondent, dated June 29, 1929 (Respdt's Ex. 1) seems to bear out the contention that the relations of the daughter and respondent were very intimate. There is also a letter, undated, (Complt's Ex. A) from respondent to the daughter, of a very affectionate nature. The daughter further testified that the respondent was engaged to be married to her.

As to affectionate letters, respondent testified he was accustomed to write that way to girls.

In a letter (Complt's Ex. C.) from respondent to complainant, also without a date as to the year in which it was sent, respondent writes:

"Regarding that matter you wish to know about—again, I am assuring you return of same. Knowing that your condition is not of a healthy nature I thought it best not to impart full details but hoping that you're feeling better now I shall complete my story. As you understand, the bank has the bonds for which they loaned me $1,750 and I had the Stewart-Warner outright, the latter I placed as security * * * however, you need not worry, for just as this bankrupt house makes a settlement, I'll try to gather sufficient funds to repay the bank for the bonds. Am sorry, to say that I shall not be able to comply with your request for the present as I have sufficient troubles and worries of my own to keep me here."

A letter from respondent to complainant, dated "Wednesday, 26/29" without naming the month, evidences that respondent was speculating in stocks and got caught in the Mandeville, Brooks & Chaffee failure.

In a letter from complainant to respondent (Respdt's Ex. 1) complainant writes: "To my knowledge, I am quite sure you are both well mated. As soon as I became acquainted with you I recognized this." This letter is dated June 29, 1929, and was sent six months after the delivery of the bonds to respondent.

The Court is of the opinion that the bonds were delivered to respondent out of affection for respondent, and by reason of the expectation that respondent was to marry complainant's daughter, and that if this marriage had been consummated this dispute would not have arisen.

The Court is further of the opinion that the bonds were turned over to respondent to enable him to obtain a loan to help him out in starting his career as a dentist, and were given upon the understanding that respondent and complainant's daughter were to be married, and were not an unconditional gift, and that complainant is entitled to the fund now in the registry of this Court.

Decree may be entered accordingly.

For complainant: Boss, Shepard & McMahon.

For respondent: McGovern & Slattery.